UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COREY WALTON,

    Plaintiff,

    v.                                CAUSE NO. 3:23-CV-611-RLM-JEM

C. WOOLEN, et al.,

    Defendants.

OPINION AND ORDER

Corey Walton, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Walton alleges that Officer C. Woolen used excessive force against him following the death of an Indiana State Prison employee, On April 12, 2023, Officer Woolen approached Mr. Walton with an attitude, indicating that he was tired of officers getting killed. Mr. Walton told Officer Woolen not to take his anger out on him, because he didn't have anything to do with that. Officer Woolen didn't like Mr. Walton's response. Officer Woolen was escorting Mr. Walton to the showers while he

was in handcuffs. Officer Woolen pushed Mr. Walton's head against the wall as hard as he could and then pushed him into his cell. Mr. Walton got back on his feet, and Officer Woolen called for officer OIC Quinn to come to the area. At some point during this encounter, Officer Woolen indicated he would hurt or kill Mr. Walton. Officer Woolen was removed from the range.

Officer Woolen was permitted to return to the range five to ten minutes later. As Officer Woolen was bringing another inmate back from the shower, he sprayed Mr. Walton was mace. Mr. Walton reports that Officer Woolen was written up for the incident, and in response to the write up, he lodged a false disciplinary charge against Mr. Walton stating that Mr. Walton tried to spit on him. Mr. Walton sues Officer Woolen for using excessive force against him and bringing a false disciplinary charge.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See* Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Walton the benefit of the inferences to which he is entitled at this stage of the case, he states a plausible excessive force claim against Officer Woolen.[1]

---

[1] Mr. Walton indicates that he faced a disciplinary charge because of the allegation that he tried to spit on Officer Woolen. He doesn't indicate if he was found guilty or

"Falsifying a disciplinary charge [does] not give rise to liability for unconstitutional retaliation unless the motive for the fabrication was to retaliate for the exercise of a constitutional right." Perotti v. Quinones, 488 Fed. Appx. 141, 146 (7th Cir. Ind. 2012) (*citing* Lagerstrom v. Kingston, 463 F.3d 621, 625 (7th Cir. 2006)). "To prevail on his First Amendment retaliation claim, [Mr. Walton] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). With the benefit of the inferences to which he is entitled at this stage, Mr. Walton has stated a claim for retaliation against Officer Woolen.

Mr. Walton also sues OIC Quinn for failure to protect him from Officer Woolen. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. Miller v. Smith, 220 F.3d 491, 495 (7th Cir.2000)

---

sanctioned. If the evidence later establishes that Mr. Walton was found guilty of an offense and sanctioned with a loss of credit time, he won't be able to proceed with this claim if a finding in his favor here would imply the invalidity of that conviction. In Edwards v. Balisok, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of Heck v. Humphrey, 512 U.S. 477, 481 (1994), also apply to prison disciplinary cases.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

Edwards v. Balisok, 520 U.S. at 643 (citation and quotation marks omitted).

(citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Mr. Walton seems to suggest that, because there had been an incident between himself and Officer Woolen, OIC Quinn should have prevented Officer Woolen from returning to the range. But the complaint doesn't allege that OIC Quinn heard Officer Woolen threaten Mr. Walton or that he had any reason to believe Officer Woolen would engage in further wrongdoing when he returned to the range. The complaint doesn't allege facts suggesting that OIC Quinn was present or had a reasonable opportunity to intervene to stop Officer Woolen from using O.C. Spray on Mr. Walton following his return to the range. Mr. Walton won't be permitted to proceed against OIC Quinn.

For these reasons, the court:

(1) GRANTS Corey Walton leave to proceed against Officer C. Woolen in his individual capacity for monetary damages for using excessive force against him on April 12, 2023, violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES OIC Officer Quinn;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer C. Woolen at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer C. Woolen to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 7, 2023

                                           s/ Robert L. Miller, Jr.
                                           JUDGE
                                           UNITED STATES DISTRICT COURT