UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COREY WALTON,

    Plaintiff,

    v.                                     CAUSE NO. 3:23-CV-611-CCB-JEM

C. WOOLEN,

    Defendant.

## OPINION AND ORDER

Corey Walton, a prisoner without a lawyer, is proceeding in this case "against Officer C. Woolen in his individual capacity for monetary damages for using excessive force against him on April 12, 2023, in violation of the Eighth Amendment[.]" ECF 7 at 4. Officer Woolen filed a motion for summary judgment, arguing Walton did not exhaust his administrative remedies before filing this lawsuit. ECF 15. Walton did not file a response before the deadline, but now moves the court for an extension of time to file a response. ECF 23. However, the court concludes it can move forward in ruling on Officer Woolen's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v.*

2

*Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Officer Woolen provides an affidavit from the Grievance Specialist at Indiana State Prison ("ISP") and Walton's grievance records, which show the following facts: On May 6, 2023, Walton submitted a grievance complaining Officer Woolen used excessive force against him on April 12, 2023. ECF 15-3 at 3; ECF 15-7 at 5. Walton requested as relief that video of the incident be preserved and his "write up" be thrown out. ECF 15-3 at 3. On June 15, 2023, the grievance office rejected Walton's May 6 grievance because it was (1) untimely and (2) concerned a matter not appropriate to the grievance process because it complained of a disciplinary action and staff discipline. ECF 15-3 at 2; ECF 15-7 at 6. Walton then submitted a second grievance complaining Officer Woolen used excessive force against him on April 12, and the grievance office rejected this grievance because it (1) concerned a matter not appropriate to the grievance process, and (2) was duplicative of his May 6 grievance. ECF 15-4 at 2-3; ECF 15-7 at 6.

Here, the undisputed facts show the grievance office made Walton's administrative remedies unavailable by improperly rejecting both of his grievances as raising matters inappropriate to the grievance process. Specifically, Walton's grievances

3

complained that Officer Woolen used excessive force against him on April 12, which is a grievable issue. *See* ECF 15-1 at 3 (listing "Actions of individual staff" as a matter appropriate to the grievance process). The fact that Walton requested as relief that his "write up" be thrown out wasn't a valid basis for rejecting the grievances. *See id.* at 7 ("No grievance shall be rejected because an offender seeks an improper or unavailable remedy"). Because the grievance office erroneously informed Walton his grievances raised non-grievable issues, they prevented him from remedying his grievances to cure any other deficiencies, such as requesting a time limit extension. *See id.* at 14 (allowing an inmate to request a time-limit extension to submit a grievance outside of the applicable time frame). This left Walton without any further available remedies. *See Dole*, 438 F.3d at 809 ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance" or "use affirmative misconduct to prevent a prisoner from exhausting"). Therefore, Officer Woolen hasn't met his burden to show Walton had available administrative remedies he didn't exhaust before filing this lawsuit.

For these reasons, Officer Woolen's motion for summary judgment (ECF 15) is DENIED and Walton's motion for an extension of time to file a response to the summary judgment motion (ECF 23) is DENIED AS MOOT.

SO ORDERED on April 24, 2024.

s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4